MARK A. SCHULTZ,

        Plaintiff,

        v.                         Case No. 26-cv-0718-bhl

DR. MARLON L. HERMITANIO and
JOHN AND JANE DOES,

        Defendants.

## SCREENING ORDER

Plaintiff Mark Schultz, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Schultz's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Schultz has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Schultz has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.61. Schultz's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Schultz, in March 2022 he swallowed five Ziplock bags while incarcerated at the Wood County Jail. He asserts that he was taken offsite for an evaluation, but nothing was done to remove the bags. Schultz asserts that he has experienced bouts of constipation and stomach pain since then, but despite his complaints over the years, he has never been sent offsite to have the bags surgically removed. Schultz asserts that he has been repeatedly informed that, by now, the bags have either been dissolved or have passed through his digestive track. Schultz disagrees. He asserts that he can feel a blockage in his stomach and has pain. He asserts that in response to his complaints, he is given only laxatives. Most recently, Schultz's current provider Dr. Marlon Hermitanio ordered an ultrasound to show Schultz that the bags were not there. Schultz asserts that the ultrasound was of poor quality and insufficient to determine whether the bags were still present. Like the others, Dr. Hermitanio prescribed laxatives.

2

Schultz asserts that he is being treated differently than other inmates who have been transported offsite to have foreign objects surgically removed.  He fears that the bags could cause a serious blockage that could cost him his life.  He explains that he has been transported to the emergency room a couple of times for other reasons, but the doctors refused to address his concerns about the bags he had swallowed years earlier.

### THE COURT'S ANALYSIS

Schultz asserts that multiple medical providers violated his constitutional rights by their deliberate indifference to the serious risk he believes he faces from having intentionally swallowed plastic bags more than four years ago.  Because Schultz's allegations do support a constitutional violation, his complaint will be dismissed.

The Eighth Amendment prohibits cruel and unusual punishment.  Implicit in this prohibition is that an incarcerated individual be provided with basic medical care.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  Prison officials violate the Eighth Amendment when they are deliberately indifferent to an inmate's objectively serious medical need or condition.  *Id.* Within the universe of deliberate indifference cases is a narrower category in which a prisoner alleges not that his medical condition was ignored entirely, but that he received constitutionally deficient treatment for the condition.  The Seventh Circuit has clarified that these cases are better framed "not [as] deliberate indifference to a serious medical need," but as a challenge to "a deliberate decision by a doctor to treat a medical need in a particular manner."  *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  In such cases, the Court must defer to a medical professional's treatment decision "unless 'no minimally competent professional would have so responded under those circumstances.'"  *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (quoting *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008)).  A "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."  *Id*.

Schultz asserts that immediately after he swallowed the plastic bags, emergency room providers decided that they did not have to surgically remove the bags.  Schultz disagrees with that decision and asserts that over the last four years, he has complained about periodic constipation and stomach pain and that he attributes these complaints to the bags being stuck in his stomach.  Despite multiple providers informing him that he either passed the bags naturally or the bags dissolved in his stomach, Schultz, who is not a doctor and has no medical training, insists the

3

providers are wrong. In his lay opinion, Schultz believes the bags are somehow still sitting in his stomach, and he demands that they be surgically removed. Schultz even disbelieves the results of an ultrasound that was performed by Dr. Hermitanio to reassure Schultz that the bags were no longer there.

Schultz's disagreement with numerous providers is an insufficient basis on its own for the Court to reasonably infer that they have shown deliberate indifference to Schultz's condition. According to Schultz, multiple providers—both onsite and offsite—have assured him that he faces no serious risk from having swallowed the bags four years earlier. Moreover, Schultz asserts that providers have prescribed laxatives in response to his periodic complaints of constipation and stomach pain—common symptoms that do not reasonably suggest the need for more than over-the-counter interventions, such as laxatives and hydration. Finally, Schultz's speculation that more serious symptoms *may* develop in the future *if* the bags are still present in his stomach are insufficient to state a claim because Schultz has set forth no factual content from which the Court can reasonably infer (rather than speculate) that Schultz faces a serious risk of harm. *See Twombly*, 550 U.S. at 555 ("[T]he complaint's allegations must be enough to raise a right to relief above the speculative level.").

Schultz also fails to state a claim based on allegations that other prisoners who have swallowed objects have had those objects surgically removed. To state a claim of discrimination under the Equal Protection Clause, the plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citations omitted). Schultz has not alleged that he is a member of a protected class, nor has he identified any members of an unprotected class who have swallowed similar objects under similar circumstances. Schultz therefore fails to state an Equal Protection claim.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Schultz believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **August 5, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054,

4

1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Schultz's failure to state a claim in his original complaint. If Schultz does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Schultz's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 5, 2026**, Schultz may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Schultz a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Schultz shall collect from his institution trust account the $348.39 balance of the filing fee by collecting monthly payments from Schultz's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Schultz is transferred to another institution, the transferring institution shall forward a copy of this Order along with Schultz's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Schultz is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

5

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Schultz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6