MARK A. SCHULTZ,

        Plaintiff,

        v.                                   Case No. 26-cv-0718-bhl

DR. MARLON L. HERMITANIO,
JOHN AND JANE DOES,
DR. GANNON,
DR. KERCHER,
ABBY L. HAMLIN,
B. VANDEWALLE,
C. O'DONNEL, and
E. DAVIDSON,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Mark Schultz, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 7, 2026, the Court screened the complaint and, after concluding it failed to state a claim on which relief could be granted, gave Schultz the opportunity to file an amended complaint, which he did on July 27, 2026. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Despite being informed that the allegations in his original complaint do not state a claim on which relief can be granted, Schultz largely rehashes the same allegations in his amended complaint. In summary, Schultz asserts that, more than four years ago, he swallowed some palm-sized plastic bags which contained a "confidential hazardous substance." At that time, he was taken to the emergency room, and providers decided that surgery to remove the bags was not required. Since then, Schultz has been incarcerated in different jails and prisons and has been transported to more than one hospital for various conditions, including a serious heart condition that Schultz speculates may be related to the bags. He has complained about constipation and stomach pain. His many providers have prescribed laxatives, gas pills, and fiber pills. He has also had x-rays and an ultrasound in an effort to assure him he does not face a serious risk of harm. In recent years, he has been repeatedly informed that he has passed the bags by now or the bags have disintegrated in his stomach acid. Schultz disagrees. He demands better (and more expensive) diagnostic tests such as a "live video feed ultrasound" to confirm the bags are no longer there or

2

surgery to remove the bags that, despite providers' assurances, he is confident are still in his stomach. Dkt. No. 9.

<h3 style="text-align:center">THE COURT'S ANALYSIS</h3>

The Court explained in the original screening order why these allegations fail to state a claim on which relief can be granted, *see* Dkt. No. 8, so it is unnecessary to repeat that analysis in this decision. Suffice it to say, the Court must defer to a medical professional's treatment decision "unless 'no minimally competent professional would have so responded under those circumstances.'" *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (quoting *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008)). A "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Id*. *Many* providers have informed Schultz that he does not face a serious risk of harm from the small, plastic bags that he swallowed many years ago. Schultz's speculation that they are all wrong is not sufficient to state an Eighth Amendment claim. *See Twombly*, 550 U.S. at 555 ("[T]he complaint's allegations must be enough to raise a right to relief above the speculative level.").

Moreover, Schultz again fails to state a discrimination claim based on allegations that another prisoner who swallowed a foreign object had the object surgically removed. As the Court previously explained, to state a claim of discrimination under the Equal Protection Clause, the plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citations omitted). Schultz has not alleged that he is a member of a protected class, nor has he sufficiently alleged that the circumstances surrounding his and the other inmate's conditions were substantially similar. Schultz therefore fails to state an Equal Protection claim.

**IT IS THEREFORE ORDERED** that that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

3

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

4